CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TOMMY PICHARDO, on behalf of himself and     :     Case No. 17 CV 3196
others similarly situated,     :

    :
                      Plaintiff,     :     FLSA COLLECTIVE
    :     ACTION and RULE 23
    -against-                            :     CLASS ACTION
    :     COMPLAINT
HOYT TRANSPORTATION CORP., JOSEPH TERMINI, SR.,  :
CHRIS J. TERMINI, JOSEPH TERMINI, JR., JANET TERMINI, :
and JOHN DOE,     :

    :     **Jury Trial**
                   Defendants.    :     **Demanded**
-------------------------------------------------------------------------X

Plaintiff TOMMY PICHARDO (hereinafter, "Plaintiff"), on behalf of himself and

other similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants HOYT TRANSPORTATION

CORP. ("HOYT TRANSPORTATION"), JOSEPH TERMINI, SR., CHRIS J.

TERMINI, JOSEPH TERMINI, JR., JANET TERMINI, and JOHN DOE (the

"Individual Defendants"), (Hoyt Transportation and the Individual Defendants are

collectively referred to as the "Defendants"), and states as follows:

## INTRODUCTION

1.      Although defendant HOYT TRANSPORTATION annually recognizes

tens of millions of dollars in gross revenue, it refuses to honor its legal obligation to

comply with federal and state overtime pay and other wage laws, systematically depriving hundreds of past and current bus drivers of overtime compensation for all hours worked in excess of forty (40) per week.

2.     This action is, therefore, brought to obtain monetary relief arising from Defendants' violation of Plaintiff's and other bus drivers' federally and state law protected right to receive, *inter alia*, overtime compensation for hours worked in excess of forty (40) hours per week.

3.     Plaintiff alleges that, pursuant to the federal Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

4.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day that his work shift exceeds ten (10) hours, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because it is the judicial district in which the Defendants reside.

## PARTIES

7.     Plaintiff is a resident of Bronx County, New York.

8.     Defendant, HOYT TRANSPORTATION, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 2620 W. 13th Street, Brooklyn, New York 11223.

9.     Defendant, HOYT TRANSPORTATION, maintains a bus lot at 1285 Randall Avenue, Bronx, New York, from which drivers, escorts, and foremen/supervisors are required to report each morning for their workday assignments.

10.     For more than three (3) decades, defendant HOYT TRANSPORTATION, has operated a successful school bus company, servicing the City of New York, Department of Education ("DOE"), and specializes in the transportation of students with disabilities throughout the metropolitan area.

11.     Upon information and belief, defendant HOYT TRANSPORTATION utilizes a fleet of well over two hundred (200) buses and drivers to transport children from the five (5) boroughs of New York and Westchester.

12.     Defendant, JOSEPH TERMINI, SR., is the majority equity holder and President of HOYT TRANSPORTATION and actively participates in the day-to-day operational oversight of HOYT TRANSPORTATION and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with HOYT TRANSPORTATION.

13.     Defendant, CHRIS J. TERMINI, is a minority equity holder and Vice President of HOYT TRANSPORTATION and actively participates in the day-to-day operational oversight of HOYT TRANSPORTATION and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with HOYT TRANSPORTATION.

14.     Defendant, JOSEPH TERMINI, JR., is a minority equity holder, officer, director, supervisor, managing agent, and/or proprietor of HOYT TRANSPORTATION and actively participates in the day-to-day operational oversight of HOYT TRANSPORTATION and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with HOYT TRANSPORTATION.

15.     Defendant, JANET TERMINI, is a director, supervisor, managing agent, and/or proprietor of HOYT TRANSPORTATION and actively participates in the day-to-day operational oversight of HOYT TRANSPORTATION and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with HOYT TRANSPORTATION.

16.     Upon information and belief, defendant, JOHN DOE, known to Plaintiff as "Anthony," is a manager of HOYT TRANSPORTATION, who actively participates in

the day-to-day operations of HOYT TRANSPORTATION and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with HOYT TRANSPORTATION.

17.     The Individual Defendants each exercise control over the terms and conditions of Plaintiff's employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) maintain wage and hour records.

18.     Upon information and belief, at least within each of the three (3) most recent years, defendant HOYT TRANSPORTATION was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has had an annual gross volume of sales of not less than $500,000.

19.     Plaintiff is a bus driver employed by Defendants, covering territories solely within the borders of the State of New York, and almost exclusively within New York and Bronx counties.

20.     Plaintiff has been continuously employed by Defendants to work in that capacity from on or about October 8, 2016 through the present time.

21.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium, in direct contravention of the New York Labor Law.

24. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

25. As equity holders and officers of HOYT TRANSPORTATION, defendants JOSEPH TERMINI, SR., CHRIS J. TERMINI, and JOSEPH TERMINI, JR. are responsible to create and implement corporate policies, and must approve all business decisions, including, but not limited to, issues concerning the number of hours the employees work, the method by which the employees are to be paid, and the amount of pay that the employees are entitled to receive. They are also supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand employees for any errors made.

26. As manager of HOYT TRANSPORTATION, defendant JOHN DOE, known as "Anthony" is responsible for the implementation and oversight of corporate policies as they pertain to the employees in the Bronx division, including Plaintiff, including the job duties and responsibilities of the employees, policies concerning the number of hours the employees work, the method by which the employees are to be paid, and the amount of pay that the employees are entitled to receive.

27. For instance, defendant JOHN DOE, known as "Anthony," works in conjunction with the DOE to establish the company's bus routes. Anthony is then responsible to, among other things, assign bus routes to HOYT TRANSPORTATION'S drivers, ensure that all child pick up and drop offs are made in a timely and appropriate manner, and that the buses are properly maintained.

28. As manager of HOYT TRANSPORTATION, defendant JANET TERMINI is responsible for the implementation and oversight of corporate policies as they pertain to the employees in the Bronx division, not only including Plaintiff, but also "Anthony," and is responsible to supervise the employees' job duties and responsibilities, approve the number of hours the employees work, the method by which the employees are to be paid, and the amount of pay that the employees are entitled to receive. She also supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands employees for any errors made.

29. On or about October 8, 2016, Defendants hired Plaintiff to work as a non-exempt bus driver.

30. Plaintiff continues to work for the Defendants in that capacity through the present time.

31. Plaintiff works five (5) days per week and, his work shift begins at 5:00 a.m. and ends at approximately 7:00 p.m. – 7:30 p.m., and sometimes later.

32. Plaintiff's work schedule typically consists of the following:

- 5:00 a.m. = arrive at Defendants' Bronx bus lot; obtain route assignment, and prepare bus (perform pre-trip inspection).

- 5:30 a.m. – 6:00 a.m. = travel to location for first pick-up.

7

- 6:00 a.m. – 6:30 a.m. = pick-up first set of children and drop off at school.

- 6:30 a.m. – 8:00 a.m. = travel to location for second set of children to be picked up; wait until 8:00 a.m. to begin pick-ups (wait time compensable).

- 8:00 a.m. – 9:00 a.m. = pick-up second set of children and drop off at school.

- 9:00 a.m. – 9:40 a.m. = drive home (with bus) (time not always compensated, but should be).

- 2:30 p.m. – 4:45 p.m. = travel from home/pick up first set of children and drive them to their residence.

- 4:45 p.m. – 5:45 p.m. = wait to pick-up second set of children from school (time not compensated by Defendants, but should be).

- 5:45 p.m. – 7:00 p.m. or 7:30 p.m. = pick-up second set of children from school and drive them to their residence; return bus to Defendants' Bronx bus lot and perform post-trip inspection.

33.     Throughout the entirety of his employment, Plaintiff has not been and is not paid overtime compensation. Plaintiff is paid at the rate of $17.67 per hour straight time for all hours worked (except for afternoon wait time, which is compensable work time), and works between forty-seven and forty-nine (49) hours per week, and sometimes in excess thereof. Work performed in excess of forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

34.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated bus drivers either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated bus drivers a "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

36.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

37.    Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former bus drivers employed by Defendants since May 26, 2014 until the close of the opt-in period as set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

38.    The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, there are more than two hundred (200) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

39.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

40.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

41.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

42.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.     Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

43. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

44. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

45. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

46. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants as bus drivers at any time since May 26, 2011 to the

entry of judgment in this case (the "Class Period") and who have not been paid statutory overtime compensation and/or "spread of hours" premium in violation of the New York Labor Law (the "NY Class" or "NY Class Members").

47.     The persons in the NY Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the NY Class consists of all current and former bus drivers and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

48.     The claims of Plaintiff are typical of the claims of the NY Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

49.     Defendants have acted on grounds generally applicable to the NY Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NY Class as a whole.

50.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

51.     Plaintiff will fairly and adequately protect the interests of the NY Class Members. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the NY Class and the Collective Action Members to represent their

interests fairly and adequately, and that he must consider the interests of the NY Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the NY Class or Collective Action Members.

52.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the NY Class and the Collective Action Members.  Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

53.     Plaintiff has the same interests in this matter as all other members of the NY Class and Plaintiff's claims are typical of the NY Class.

54.     There are questions of law and fact common to the NY Class, which predominate over any questions solely affecting the individual members of the NY Class, including but not limited to:

  a. Whether Defendants employed Plaintiff and the NY Class Members within the meaning of the New York Labor Law;

  b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the NY Class Members;

  c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  d. Whether Defendants failed to pay Plaintiff and the NY Class Members overtime compensation for all hours worked in excess of

forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.  Whether Defendants failed to pay Plaintiff and the NY Class Members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

g.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

55.  Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56.  At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

58. At least within each of the three (3) most recent years, defendant HOYT TRANSPORTATION has had gross revenues in excess of $500,000.

59. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

60. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

61. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

63. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members,

Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

65.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

66.     Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

67.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

68.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69.     Defendants employed Plaintiff and the NY Class Members within the meaning of New York Labor Law §§ 2 and 651.

70.     Defendants knowingly and willfully violated the rights of Plaintiff and the NY Class Members by failing to pay Plaintiff and the NY Class Members overtime

compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

71.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 142-2.4.

72.     Defendants knowingly and willfully violated the rights of Plaintiff and the NY Class Members by failing to pay "spread of hours" premium to Plaintiff and the NY Class Members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

73.     Defendants failed to properly disclose or apprise Plaintiff and the NY Class Members of their rights under the New York Labor Law.

74.     Defendants failed to furnish Plaintiff and the NY Class Members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

75.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

76.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net

wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

77.     Due to Defendants' New York Labor Law violations, Plaintiff and the NY Class Members are entitled to recover from Defendants their unpaid overtime compensation and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

78.     Plaintiff and the NY Class Members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiff TOMMY PICHARDO, on behalf of himself and all similarly situated Collective Action Members and NY Class Members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:  New York, New York
         May 26, 2017

                              Respectfully submitted,

                              CILENTI & COOPER, PLLC
                              *Attorneys for Plaintiff*
                              708 Third Avenue – 6th Floor
                              New York, NY 10017
                              T. (212) 209-3933
                              F. (212) 209-7102


                              By: _____
                                  Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, ___Tommy Pichardo___, am an employee currently or formerly employed by ___Hoyt Transportation Corp___, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___5/17___, 2017