# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street - 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

**REQUEST FOR APPROVAL
OF AN FLSA SETTLEMENT**

March 19, 2019

**VIA ECF**

Hon. Roanne L. Mann, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    *Re:* *Pichardo v. Hoyt Transportation Corp., et al.,*
       *Case No. 17 Civ. 3196 (RLM)*

Dear Judge Mann,

  We are counsel to the plaintiff, Tommy Pichardo ("Plaintiff"), in the above-referenced matter (the "Action"). We write jointly with counsel for defendants Hoyt Transportation Corp., Joseph Termini, Sr., Chris J. Termini, Joseph Termini, Jr., and Janet Termini (collectively, "Defendants;" together with Plaintiff, the "Parties") to confirm that, thanks to the Court's assistance during the February 14, 2019 settlement conference, the Parties have resolved this matter. *See* Dkt. 48. The Parties consented to this Court's jurisdiction for all purposes, *see* Dkt. 49, and now request that the Court approve the Parties' proposed settlement.

  As Plaintiff's Action and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. Aug. 7, 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, *12-13 (S.D.N.Y. Aug. 22, 2001) (*citing D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

*Simel v. JP Morgan Chase*, No. 05 Civ. 9750 (GBD), 2007 WL 809689, *4 (S.D.N.Y. Mar. 19, 2007). *See also Sampaio v. Boulder Rock Creek Developers, Inc.*, No. CV-07-153 (ETB), 2007 WL 5209390 (E.D.N.Y. Sept. 6, 2007) (approving settlement); *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028 (S.D.N.Y. July 23, 2010) (same). The Parties have executed a written settlement agreement (the "Agreement"), a copy of which is submitted simultaneously herewith, and jointly ask the Court to approve the Agreement and dismiss the Action with prejudice, retaining jurisdiction only to enforce the terms of the settlement.

### Damages Calculations

Plaintiff worked as a school bus driver for defendant Hoyt Transportation Corp. for certain periods between October 8, 2016 and October 24, 2017, during which time he was paid between $17.67 and $17.85 per hour. He alleges that he worked between forty-seven (47) and forty-nine (49) hours per week during that period, that he was not compensated for certain wait-time and travel time, and that he was not paid an overtime premium for hours worked in excess of forty (40) per week.

In a "best case scenario," after the exchange of written and testimonial evidence, Plaintiff calculated that he is owed approximately $15,000, inclusive of uncompensated work-time and overtime premiums, and liquidated and statutory damages.[1]

Meanwhile, Defendants produced evidence that Plaintiff's hours were less than he initially alleged and that, under the applicable collective bargaining agreement, he was paid for forty (40) hours of work per week even in those weeks that he worked fewer than forty (40) hours. As such, Defendants argue Plaintiff is not owed anything.

### Settlement

The Parties exchanged information, engaged in extensive discovery, and briefed Plaintiff's Motion for Conditional Certification prior to a settlement conference with the Court on February 14, 2019. At the conclusion of the settlement conference, Your Honor made a settlement proposal of $60,000 to completely and finally resolve Mr. Pichardo's employment-related claims, individually, against all Defendants, which both sides accepted. Pursuant to the Court's recommended settlement proposal, of the total settlement, Plaintiff will receive $18,000; and counsel for Plaintiff will receive $42,000.

The Parties represent to the Court that the settlement reached in this amount is a fair and reasonable resolution of a *bona fide* dispute reached as a result of extensive arm's-length negotiations between the Parties and through their attorneys. The amount of the settlement is to be paid in two (2) $30,000 installments – the first due within thirty (30) days after the Court

---

[1] At the conclusion of fact discovery, Plaintiff believed that a basis existed for adding a claim of retaliatory discharge against the Defendants, which may have increased Plaintiff's potential damages. However, conflicting testimony exists between the Parties regarding Plaintiff's cessation of employment, and settlement was achieved prior to Plaintiff's attempt to amend the complaint to add such a claim.

approves the Agreement and enters an Order dismissing the Action, and the second due within thirty (30) days of the first payment.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86 (JS) (MLO), 2008 WL 724155 at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

This settlement was reached as a result of arm's-length negotiations between opposing counsel who complied with the Court's Order for early exchange of positions and information, briefed Plaintiff's Motion for Conditional Certification, engaged in lengthy discovery to learn the strengths and weaknesses of the Parties' respective cases, and ultimately participated in a settlement conference. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See, e.g., Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825 (JLC), 2013 WL 1364147 at *4 (S.D.N.Y. Apr. 2, 2013) (quotation and citation omitted). Additionally, both counsel in this case are known to the Court as well-versed in the prosecution and defense of wage and hour actions.

We believe the settlement makes Plaintiff whole as calculated by Plaintiff's counsel at the conclusion of fact discovery. For that reason, and considering the risks to Plaintiff of potentially receiving less or nothing at the conclusion of trial, we respectfully submit that this settlement is fair and reasonable under the common application of such analysis.

Attorneys' fees in FLSA settlements are also examined to "ensure that 'the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.'" *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012) (quoting *Cisek v. National Surface Cleaning, Inc.*, 954 F.Supp.110, 110-11 (S.D.N.Y. 1997)). Here, the Parties briefed Defendants' Motion to Dismiss, engaged in discovery, including the exchange of documents and several depositions, and briefed Plaintiff's Motion for Conditional Certification.[2] To date, Cilenti & Cooper, PLLC incurred more than one hundred twenty-five (125) hours of attorney time.[3] Had litigation continued, the time Cilenti & Cooper devoted to this matter, and the corresponding fees, necessarily would have been substantially higher.[4] As such, counsel respectfully submits that settlement is in the best interests of the

---

[2] The case settled before the Court decided Plaintiff's Motion for Conditional Certification.

[3] Plaintiff's counsel's rate of $400 per hour has remained in effect since 2009, and has been repeatedly approved by various district courts in this Circuit, including this Court.

[4] It is well settled that attorneys' fee awards in FLSA cases need not be proportional to the success achieved for the client. *See Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133, 2014 WL 2200393, at *11 (S.D.N.Y. May 27, 2014) ("[T]he legal fees to be awarded need not be proportional to the Plaintiff's recovery in FLSA cases because the award of a reasonable fee vindicates Congressionally identified policies and rights"); *Merino v. Beverage Plus Am. Corp.*, No. 10 Civ. 706, 2012 WL 4468182, at *1 (S.D.N.Y. Sept. 25, 2012) ("In FLSA cases, the attorneys' fees need not be proportional to the damages plaintiffs recover") (citing cases).

Hon. Roanne L. Mann
March 19, 2019
Page 4

Parties, and moreover, the settlement does not favor Plaintiff's counsel over Plaintiff himself. Further, to date, Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

Accordingly, the Parties jointly and respectfully request that the Court approve the Agreement and dismiss the instant Action with prejudice, retaining jurisdiction during the proposed payment period in the unlikely event a dispute arises in connection with the settlement. A proposed Stipulation and Order of Dismissal is attached hereto as <u>Exhibit A</u>.

On behalf of all Parties, we thank the Court for its consideration of this matter.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ *Giustino Cilenti* | /s/ *Jeffrey D. Pollack* |
| Giustino Cilenti, Esq. | Jeffrey D. Pollack, Esq. |
| Attorney for Plaintiff | Attorney for Defendants |